UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Katon Lang,
    Plaintiff

    v.                                    Civil No. 07-cv-66-SM
                                          Opinion No. 2008 DNH 014
Todd Gordon, individually;
David Archambault, individually;
Ronald Potter, individually;
Chad Pinciaro, individually;
and James O'Mara, individually
and as Superintendent of the
Hillsborough County Department
of Corrections,
    Defendants


**O R D E R**


Katon Lang, formerly a pre-trial detainee at the Hillsborough County House of Corrections ("HC HOC") has sued in five counts, two of which assert federal constitutional claims brought pursuant to 42 U.S.C. § 1983. Before the court is a motion filed by defendants Todd Gordon and David Archambault, seeking dismissal of the federal claims against them for failure to meet the exhaustion requirement of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff objects. For the reasons given, defendants' motion to dismiss is denied.

**The Legal Standard**

While defendants have filed a motion to dismiss, both parties present matters outside the pleadings.  Accordingly, defendants' filing shall be treated as a motion for summary judgment.  See Fed. R. Civ. P. 12(d); see also Scott v. Gardner, 287 F. Supp. 2d 477, 485 (S.D.N.Y. 2003) ("If nonexhaustion is not clear from the face of the complaint, a defendant's motion should be converted, pursuant to Rule 12(b), to one for summary judgment limited to the narrow issue of exhaustion . . . ."); Collins v. Goord, 438 F. Supp. 2d 399, 412 (S.D.N.Y. 2006) ("district courts have converted motions to dismiss to summary judgment without notice to determine exhaustion in PLRA cases where, as here, both parties submitted materials outside the pleadings and it is apparent that the plaintiff will not be taken by surprise by such conversion").

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'"  Dávila v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12

(1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)).  When ruling on a party's motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  See Torres-Negron v. Merck & Co., 488 F.3d 34, 39 (1st Cir. 2007) (citing Rodríguez v. SmithKline Beecham, 224 F.3d 1, 5 (1st Cir. 2000)).

**Background**

Katon Lang was a pre-trial detainee in the Hillsborough County House of Corrections from September 14, 2006, through February 9, 2007.  In his complaint, he alleges that on September 25, correctional officers Todd Gordon, David Archambault, and Richard Potter: (1) sprayed his bedding with pepper spray during a routine cell search; (2) sprayed him with pepper spray when he tried to push his contaminated bedding out of his cell; and (3) rushed into his cell and beat him.  (Compl. ¶¶ 11-18).  He also alleges that several days later, correctional officer Chad Pinciaro told him that if he ever complained about the events of September 25, he would never get out of the HC HOC punitive segregation unit.  (Id. ¶ 19.)

While Lang was incarcerated in the HC HOC, inmates there had the benefit of the following grievance policy promulgated by the Hillsborough County Department of Corrections ("HC DOC"):

> If you have a grievance concerning any matter related to your confinement, a grievance procedure is available to you. The following are the steps of the grievance procedure:
> - Step 1: Informal resolution.  You must make a genuine attempt to seek an informal resolution of your problem with the staff member concerned.
> - Step 2: The second step is initiated using the Inmate Request Form stating your problem and suggested remedy.  Submit the form to your Unit Officer.  Most request forms will be answered within seven (7) working days of receipt.
> - Step 3: If you are dissatisfied with the response to your Inmate Request Form, you may file an Inmate Grievance Form.  The Captain or his designee has fifteen (15) working days from receipt to review your grievance and reply unless there are extenuating circumstances.

(Defs.' Mot. to Dismiss, Ex. 1 (O'Mara Aff.) ¶ 2.)[1]  The inmate grievance form asks for five types of information: (1) the date the form is filled out; (2) the inmate's name; (3) the inmate's CCN; (4) the inmate's housing unit; and (5) a "[b]rief description of [the] grievance (includ[ing] where and when)." (Pl.'s Obj., Ex. 1.)

---

[1] Unaccountably, defendants' memorandum of law quotes from a different version of the HC DOC Inmate Handbook than the one quoted in O'Mara's affidavit.  Neither version, however, was appended to defendants' memorandum, notwithstanding defendants' reference to the handbook as an attachment to the memorandum.

In early December, Lang filed an inmate grievance form which stated, in the "brief description" section:

> On unit 2B on the night of September 25-26 officers put OC spray on my bedding during a cell search. Officer Potter slammed my face against the back wall while I was kneeling in the proper position, causing a large cut on the side of my face. Later Officer Pinciaro threatened me if I ever complained about these events saying he would make me "stay in the hole forever." These actions violated my constitutional rights.

(Id.)  Lang's grievance was duly processed. The section titled "Captain's action" contains the following notation:

> Your bedding was not sprayed with OC Spray by Sergeant Gordon. Your actions after the cell search and during the officers['] intervention caused Sergeant Gordon to use his OC spray to control the situation. You[ ] were decontaminated following the use of OC spray. Your behavior and actions were still not normal and you were placed in a safety cell for your safety. The Officers['] and supervisors['] action[s] were proper. Your grievance is unfounded.

(Id.)  This action followed.

**Discussion**

Defendants Gordon and Archambault move to dismiss the federal claims against them, arguing that because plaintiff did not mention their names in his grievance form, he has not exhausted the administrative remedies he could have used to address their conduct. And, in their reply to plaintiff's

objection to their motion to dismiss, Gordon and Archambault further argue that the federal claims against all four defendants should be dismissed because plaintiff's own documentation demonstrates that he did not engage in the first step of the grievance procedure (informal resolution), and did not submit his inmate grievance form within two days of receiving a response to an inmate request form, as required by the HC DOC grievance procedure.  Neither argument is persuasive.

Under the exhaustion provision of the Prison Litigation Reform Act:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  "[F]ailure to exhaust is an affirmative defense under the PLRA."  Jones v. Bock, 127 S. Ct. 910, 921 (2007).  A defendant who demonstrates lack of exhaustion is entitled to dismissal of the unexhausted claims in the plaintiff's complaint.  See Medina-Claudio v. Rodríquez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); see also Jones, 127 S. Ct. at 923-26 (rejecting the Sixth Circuit's "total exhaustion" rule

which called for dismissal of entire complaint containing exhausted and unexhausted claims).

That plaintiff did not mention defendants Gordon and Archambault by name in his inmate grievance form does not entitle them to dismissal based upon failure to exhaust. As the United States Supreme Court recently explained:

> [T]o properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," . . . rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

Jones, 127 S. Ct. at 922-23 (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)). Here, as in Jones, the relevant grievance procedure "does not require a prisoner to identify a particular responsible party." 127 S. Ct. at 922. Rather, the only information expressly required in the "brief description" section of the inmate grievance form is the place and time of the incident or other matter being grieved. Plaintiff's grievance form in this case did say where (unit 2B) and when ("on the night of September 25-26") he claimed to have been assaulted by HC HOC

correctional officers.  That was sufficient to grieve the entire September 25 incident, including the conduct of any correctional officer who may have participated in it.[2]  Accordingly, officers Gordon and Archambault are not entitled to dismissal of the federal claims against them.  Cf. Collins v. Goord, 438 F. Supp. 2d 399, 412 (S.D.N.Y. 2006) (ruling that inmate plaintiff had exhausted administrative remedies against three employees of prison library not specifically named in filings generally grieving library's failure to provide him with certain materials to which he claimed to have been entitled).

Defendants' argument concerning plaintiff's alleged failure to complete all three steps of the grievance procedure is equally unavailing.[3]  As noted above, failure to exhaust is an affirmative defense.  Thus, defendants bear the burden of proving that plaintiff failed to properly complete the grievance

---

[2] Officer Gordon's argument that plaintiff failed to exhaust is particularly unpersuasive in light of the "Captain's action" notation on plaintiff's grievance form that specifically mentioned his actions on the night in question.

[3] Among other things, defendants argue that the documentation submitted by plaintiff does not show that he filed his grievance form within two days of receiving a response to an inmate request form.  While the inmate handbook defendants quote in their memorandum of law does impose such a time limitation, the version of the inmate handbook quoted in O'Mara's affidavit, which appears to be the more recent version, includes no such requirement.

procedure. Superintendent O'Mara, custodian of inmate files at the HC HOC, filed an affidavit in this case, but in that affidavit, he did not say that plaintiff had failed in any way to follow the prescribed grievance procedure. Moreover, the undisputed factual record demonstrates that plaintiff requested and received a blank grievance form and that his grievance was accepted, fully processed, and adjudicated on the merits. Final administrative adjudication on the merits undercuts defendants' argument that plaintiff's grievance was procedurally defective.

## Conclusion

For the reasons given, defendants' motion to dismiss (document no. 12) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 24, 2008

cc: Michael J. Sheehan, Esq.
    John A. Curran, Esq.
    Elizabeth L. Hurley, Esq.